UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
FORT HOOD DIVISION

| | | |
|---|---|---|
| JIMMY DON HODGES, | ) | Case No.: **6:18-cv-98** |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| vs. | ) | (Unlawful Debt Collection Practices) |
| | ) | |
| GC SERVICES, LP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

JIMMY DON HODGES (Plaintiff), by his attorneys, alleges the following against GC SERVICES, LP (Defendant):

### Nature of the Action

1. This action is brought by Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### Parties

2. Plaintiff is a natural person residing in Belton, Bell County, Texas.

3. Plaintiff is allegedly obligated to pay a debt and is a consumer as defined by 15 U.S.C. § 1692a(3).

4. Defendant has its principal place of business located in Houston, Texas.

5. Defendant is a debt collector as defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

6. Defendant acted though its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## Jurisdiction and Venue

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

8. Because both Plaintiff and Defendant reside in Texas, personal jurisdiction is established

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## Factual Allegations

10. On or around January 17, 2018, Defendant placed a collection call to Plaintiff seeking payment for an alleged consumer debt.

11. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

12. Defendant called Plaintiff's telephone number at (254) 899-56XX

13. On or around January 17, 2018, Defendant called Plaintiff and left a voicemail message on Plaintiff's answering machine.

14. In the voicemail message, Defendant failed to meaningfully disclose the nature of the call, or state that the call was from a debt collector.

15. In the voicemail message, Defendant directed Plaintiff to call back telephone number (800) 652-7681, which is a number that belongs to Defendant.

16. In the voicemail message, Defendant failed to disclose the purpose of the call was to collect a debt allegedly owed by Plaintiff.

17. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## FIRST CAUSE OF ACTION

## DEFENDANT VIOLATED THE FDCPA *15 U.S.C. § 1692 et seq.*

18. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-17.

19. Defendant's violations of the FDCPA include, but are not limited to, the following:
    a. Defendant violated §1692(d) of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;
    b. Defendant violated §1692(e)(11) of the FDCPA by failing to contain the warning in his communication: This is an attempt to collect a debt… communication is from a debt collector.
    c. Defendant violated §1692(e) of the FDCPA by using false, deceptive or misleading representation or means in connection with the debt collection.

## CLAIM FOR RELIEF

20. Defendant's violations of the FDCPA include, but are not limited to, the following:
    a. Defendant violated §1692d of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff;
    b. Defendant violated §1692e(11) of the FDCPA by causing Plaintiff's phone to ring repeatedly and excessively
    c. Defendant violated §1692(e) of the FDCPA by any other false, deceptive, or misleading representation or means in connection with the debt collection

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for the following:

(1) Statutory damages of $1000.00 pursuant to 15 U.S.C. § 1692k;

(2) Reasonable attorneys' fees, costs pursuant to 15 U.S.C. § 1692k; and

(3) Awarding such other and further relief as may be just, proper and equitable.

RESPECTFULLY SUBMITTED

Dated: April 2, 2018         */s/ Dorothy Butler Lawrence*
                             ATTORNEYS FOR PLAINTIFF
                             Dorothy Butler Lawrence
                             28515 Ranch Road 12
                             Dripping Springs, Texas 78620
                             (512)699-5632
                             Dorothy@dorothybutlerlawfirm.com

PLAINTIFF'S COMPLAINT